## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH LEE ALLEN,

                    **Petitioner,**

          v.                                    **CASE NO. 18-3301-SAC**

RON BAKER,

                    **Respondent.**


### ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se. Because he submitted the filing fee, the Court denies his motion to proceed in forma pauperis as moot.

### The motion to appoint counsel

Petitioner moves for the appointment of counsel. An applicant for habeas corpus relief has no constitutional right to the appointment of counsel. *See Swazo v. Wyo. Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994)("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and … generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). Rather, the court may appoint counsel when "the interests of justice so require" for a petitioner who is financially eligible. *See* 18 U.S.C. § 3006A(1)(2)(b). The Court has considered the record and declines to appoint counsel at this time. It appears that petitioner is able to articulate his claims for relief and is well familiar with the record.

### Factual background

Petitioner was convicted in the District Court of Shawnee County, Kansas, of attempted first-degree murder, aggravated battery, and

criminal possession of a firearm.

The Kansas Court of Appeals (KCOA) summarized the factual background as follows:

> Wayne "Squirt" Brandon, Jr., was shot in front of his home sometime between 9:35 and 9:55 p.m. Immediately after the shooting, Brandon identified Allen as the shooter and informed police that Allen drove a white Cadillac.
>
> At trial, Brandon again identified Allen as the shooter. Several of Brandon's neighbors testified they heard gunshots but did not see the shooting or see Allen or his white Cadillac in the area of the shooting. Russell Marshall, who was incarcerated with Allen after the shooting, testified Allen admitted he shot Squirt, and gave Marshall a letter to deliver to Squirt in which Allen offered Squirt "a thousand dollars and a Cadillac if he didn't show up for court."
>
> Allen admitted writing two letters to Brandon offering him money, but maintained the letters were counteroffers in response to Brandon's attempt to extort an even larger sum of money from Allen. Allen denied giving Marshall a letter for Brandon or telling Marshall that he shot Brandon.

*State v. Allen*, 2010 WL 3636269, at *1.

### Procedural background

On appeal, proceeding with appointed counsel Gerald Wells, petitioner alleged ineffective assistance of trial counsel. The KCOA remanded the matter to the district court for a hearing under *State v. Van Cleave*, 716 P.2d 580 (2016)[1]. *State v. Allen*, 238 P.3d 331 (Table), 2010 WL 3636269 (Kan. Ct. App. Sep. 10, 2010)(*Allen I*).

On remand, petitioner proceeded pro se with standby counsel and offered the testimony of several witnesses. The district court denied the claims for relief. On appeal, Mr. Wells again was appointed to

---

[1] In *Van Cleave*, the Kansas Supreme Court approved a procedure to allow appellate counsel presenting a claim of ineffective assistance of trial counsel to seek remand to the district court for consideration of that claim.

represent petitioner. The KCOA denied relief. *State v. Allen*, 338 P.3d 24 (Table), 2014 WL 6775823 (Kan. Ct. App. Nov. 26, 2014), *rev. denied*, Jul. 22, 2015 (*Allen II*).

In *Allen II*, petitioner challenged his conviction on the grounds of ineffective assistance of counsel, alleging that his trial counsel failed to cross-examine witnesses to establish the time of the shooting, failed to investigate to establish that the testimony of witness Russell Marshall was false; and failed to adequately communicate with him while he was incarcerated. The KCOA addressed these claims on the merits and denied relief.

In July 2015 and August 2015, petitioner filed two pro se motions for post-conviction relief under K.S.A. 60-1507. The trial court denied relief. On appeal, petitioner alleged that Mr. Wells was ineffective in failing to raise trial errors in *Allen I* and that in *Allen II*, following the *Van Cleave* hearing, he failed to raise claims related to his appeal.

Petitioner's pro se brief contained two sections, one captioned as "Abandoned Trial Errors" and the other as "Appellant Additional Issues." The "Abandoned Trial Errors" section alleged ineffective assistance in petitioner's direct appeal for failure to raise these claims: (1) the failure to instruct on informant testimony; (2) error in admitting K.S.A. 60-455 evidence; (3) error in failing to argue a motion for judgment of acquittal; (4) prosecutorial misconduct in arguing facts not in evidence, comment on witness credibility, and

committing a *Doyle*[2] violation; (5) error in denying petitioner's motion for new trial on newly discovered evidence; and (6) cumulative error.

Noting petitioner's failure to present these issues in this motion under K.S.A. 60-1507, the KCOA held that they were not properly preserved for appellate review and dismissed them. *Allen v. State*, 408 P.3d 1002 (Table), 2017 WL 6062272, at *4 (Kan. Ct. App. Dec. 8, 2017), *rev. denied*, Aug. 30, 2018 (*Allen III*).

The "Appellant Additional Issues" section also alleged ineffective assistance by Mr. Wells on petitioner's direct appeal, citing as error the failure to argue (1) that the district court erred in failing to give an alibi instruction, (2) that the evidence was insufficient to support the conviction for attempted first-degree murder, (3) that the district court erred in failing to instruct on severity level 7 aggravated battery, (4) that petitioner's rights were violated by the disappearance of a video purporting to show a white Cadillac leaving the scene of the crime, and (5) that the introduction of perjured testimony at trial constituted prosecutorial misconduct. The KCOA determined that these claims had been presented in the petitioner's action under K.S.A. 60-1507 and that they were properly preserved for appellate review. The KCOA therefore addressed these claims on the merits.

Petitioner also argued that Mr. Wells was ineffective in failing to raise certain claims following the *Van Cleave* proceedings to

---

[2] *Doyle v. Ohio*, 426 U.S. 610 (1976).

challenge the performance of his trial counsel. These claims were: (1) the failure to cross-examine Officer Jepson about the lost video, (2) the failure to provide the jury with an unredacted interrogation video of petitioner's interview with Detective Willard, (3) the failure to cross-examine Ed Brock on certain issues, (4) the failure to investigate and present the testimony of Lester McDonald, Corey Lewis, and Pam Hazlett, (5) the decision to present a group photo of petitioner and members of his family, and (6) the failure to seek the suppression of State's Exhibit 31.

The KCOA noted that under state law, when a criminal defendant has presented claims of ineffective assistance of counsel in a *Van Cleave* hearing, the defendant may not relitigate those issues in an action under K.S.A. 60-1507 unless there are exceptional circumstances. *Allen III*, 2017 WL 6062272, at * 7 (citing *Rice v. State*, 37 Kan.App.2d 456, 464 (Kan. Ct. App. 2007), *rev. denied*, Sep. 27, 2007.

The KCOA found that the district court had thoroughly addressed the claims in its decision denying petitioner's motion under 1507 and found that petitioner offered no evidence to show that those rulings were in error.

Finally, petitioner presented claims alleging Mr. Wells was ineffective in failing to challenge trial counsel's failure to (1) investigate or introduce testimony from emergency responders who cared for the shooting victim at the crime scene, (2) cross-examine the doctor who cared for the victim, (3) file a pretrial motion to

prevent the State from introducing the criminal history of alibi witness Patricia Sanders, (4) seek an alibi instruction, (5) hire a trajectory expert, and (6) impeach the victim by introducing his criminal history and other material.

The KCOA found that the first issue, concerning the emergency personnel who responded to the crime scene, was not preserved for appellate review and was subject to dismissal. And because petitioner failed to present the remaining issues at the *Van Cleave* hearing, the KCOA found that Mr. Wells could not have presented them later in a challenge to the effectiveness of counsel. Finding no exceptional circumstances, the KCOA declined to consider those claims. *Allen III*, *id*.

### The federal petition

The petition identifies 43 claims for relief. The Court has examined the petition and has identified a number of claims that appear to be subject to dismissal on the ground of procedural default. *See Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012)(stating that constitutional claims rejected by the state court on independent and adequate state procedural grounds ordinarily are barred from federal habeas corpus review).

To overcome a procedural default, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018)(quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)), *cert. denied sub nom. Grant v.*

*Carpenter*, 139 S.Ct. 925 (2019).

A petitioner can establish cause by "show[ing] that some objective factor external to the defense impeded … efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). And to show prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).

The issues identified by the Court as subject to dismissal due to procedural default are the six issues of "abandoned trial errors" that petitioner failed to present in his pro se motion under K.S.A. 60-1507 and rejected on that basis by the KCOA, namely, that Mr. Wells provided ineffective assistance on direct appeal by failing to argue that (1) the district court erred in failing to instruct on informant testimony, (2) the district court erred in admitting evidence under K.S.A. 60-455, (3) trial counsel failed to present argument on a motion for judgment of acquittal, (4) the prosecutor erred in arguing facts not in evidence, commenting on witness credibility, and committing a *Doyle* violation, (5) the district court erred in denying his motion for new trial based on newly discovered evidence, and (6) cumulative error.

These claims appear to correspond to petitioner's claims numbered as Grounds 4-10 in the petition.

Likewise, the KCOA determined that petitioner failed to present the following claims during the *Van Cleave* proceedings: Mr. Wells was ineffective in failing to challenge trial counsel's failure (1) to present evidence or testimony from the emergency responders who aided the victim, (2) to cross-examine the physician who cared for the victim, (3) to file a pretrial motion to prevent the introduction of

the criminal history of Patricia Sanders, (4) to request an alibi instruction, (5) to hire a trajectory expert, and (6) to impeach the victim on his criminal history and through evidence that he sent his father to prison.

These claims appear to correspond to petitioner's claims numbered as Grounds 17, 18, 19, 29, 30, 31, and 32.

### Order to Show Cause

The Court will grant petitioner thirty days to show cause why the claims identified in this order should not be dismissed from the action as procedurally defaulted. Respondent will be given thirty days after petitioner's response to file a reply, and, if necessary, to identify any additional grounds against which respondent presents a defense of procedural default.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is denied as moot.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED petitioner is granted thirty (30) days to show cause why Grounds Nos. 4, 5, 6, 7, 8, 9, 10, 17, 18, 19, 29, 30, 31, and 32 should not be dismissed due to procedural default. Respondent will have thirty (30) days to reply and may identify additional grounds as procedurally defaulted.

**IT IS SO ORDERED.**

DATED:  This 25th day of September, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge