```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**JOSEPH LEE ALLEN,**

                        **Petitioner,**

        v.                                            **CASE NO. 18-3301-SAC**

**RON BAKER,**

                        **Respondent.**

### ORDER TO SHOW CAUSE

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. By its order of September 25, 2019, the Court directed petitioner to show cause why certain grounds in his petition should not be dismissed due to procedural default, noting that the claims identified had been rejected in the Kansas Court of Appeals on procedural grounds. The order also identified the standard of cause and prejudice that applies in habeas corpus to procedurally defaulted claims.

    The Court has reviewed petitioner's response and finds he has failed to make a sufficient showing to allow him to proceed on the defaulted claims. To the extent he argues that his attorneys failed to present the claims he identified, he does not state any ground to excuse the default. "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). The Court therefore concludes that petitioner is not entitled to proceed on claims 4-10, 17-19, 20, and 32.

    Next, petitioner has filed a second motion to appoint counsel

(Doc. 6). As the Court explained in denying petitioner's previous motion for the appointment of counsel, petitioner has no constitutional right to the appointment of counsel in this action. *See Swazo v. Wyo. Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994) ("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and ... generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). In its discretion, the Court may appoint counsel where "the interests of justice so require" and the petitioner is financially eligible. *See* 18 U.S.C. § 3006A(a)(2)(B). The Court has considered the record and concludes petitioner has not shown that the appointment of counsel is warranted in this matter. The Court therefore will deny the motion.

The court concludes a response is required on the remaining claims and enters the following findings and order:

1. Petitioner is presently in the custody of the State of Kansas;

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the State of Kansas.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's claims in Grounds 4-10, 17-19, 20, and 32 are dismissed.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 6) is denied.

IT IS FURTHER ORDERED:

1. That respondent shall show cause within thirty (30) days from the date of this order why the writ should

    not be granted.

2. That the response should present:
   (a) The necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleading; and
   (b) An analysis of each of said grounds and any cases and supporting documents relied upon by respondent in opposition to the same.

3. Respondent shall cause to be forwarded to this court for examination and review the following:

   the records and transcripts, if available, of the state proceedings complained of by petitioner; if a direct appeal of the judgment of the trial court was taken by petitioner, respondent shall furnish the records, or copies thereof, of the appeal proceedings.

   Upon the termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4. That petitioner is granted thirty (30) days after receipt by him of a copy of respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of the court shall then return this file to the assigned judge for such other and further proceedings as may be appropriate; and that the clerk of the court shall transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 4th day of September, 2020, at Topeka, Kansas.

                                        S/ Sam A. Crow

                                        SAM A. CROW
                                        U.S. Senior District Judge