IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE ALLEN,

                    Petitioner,

        v.                              CASE NO. 18-3301-SAC

SHANNON MEYER, Warden,

                    Respondent.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Proceeding pro se, petitioner challenges his 2006 convictions. For the reasons that follow, the court denies relief.

**Procedural background**

On November 15, 2006, petitioner was convicted in the District Court of Shawnee County of one count of aggravated battery, one count in the alternative of attempted murder in the first degree, and one count of criminal possession of a firearm. On September 19, 2008, he was sentenced to 586 months in prison for the conviction of attempted murder in the first degree and a concurrent term of 8 months for the conviction of criminal possession of a firearm. No sentence was imposed for the conviction of aggravated battery.

Petitioner filed an appeal, and on September 10, 2010, the Kansas Court of Appeals (KCOA) remanded the matter for an evidentiary hearing under *State v. Van Cleave*, 716 P.2d 580 (Kan. 1986), to address petitioner's claims of ineffective assistance of counsel. *State v. Allen*, 238 P.3d 331 (Table), 2010 WL 3636269 (Kan. Ct. App. 2010)(unpublished opinion)(*Allen I*).

The district court held a two-day evidentiary hearing in

December 2012 concerning the petitioner's claims, and in February 2013, it ruled petitioner was not entitled to relief. In April 2013, the district court denied petitioner's motion for reconsideration, and petitioner again appealed.

On November 26, 2014, the KCOA affirmed petitioner's convictions and sentence. *State v. Allen*, 338 P.3d 24 (Table), 2014 WL 6775823 (Kan. Ct. App. 2014)(unpublished opinion), *rev. denied*, Jul. 11, 2015 (*Allen II*).

On July 31, 2015, petitioner filed a motion for post-conviction relief under K.S.A. 60-1507 alleging ineffective assistance of trial and appellate counsel. On August 13, 2015, he filed a second motion under K.S.A. 60-1507, again asserting claims of ineffective assistance of counsel. On November 4, 2015, the district court denied relief. The KCOA affirmed that decision on December 8, 2017. *Allen v. State*, 408 P.3d 1002, 2017 WL 6062272 (Kan. Ct. App. 2017)(unpublished opinion), *rev. denied* Aug. 30, 2018 (*Allen III*).

In October 2019, after he filed this petition, petitioner filed a second motion to correct an illegal sentence in the trial court. The trial court summarily denied the motion, and the Kansas Court of Appeals affirmed. *State v. Allen*, 493 P.3d 311 (Table), 2021 WL 3823646 (Kan. Ct. App. Aug. 27, 2021)(*Allen IV*).

### Factual background

The KCOA summarized the facts of the case as follows:

Wayne "Squirt" Brandon, Jr., was shot in front of his home sometime between 9:35 and 9:55 p.m. Immediately after the shooting, Brandon identified Allen as the shooter and informed police that Allen drove a white Cadillac.

At trial, Brandon again identified Allen as the shooter. Several of Brandon's neighbors testified they

heard gunshots but did not see the shooting or see Allen or his white Cadillac in the area of the shooting. Russell Marshall, who was incarcerated with Allen after the shooting, testified Allen admitted he shot Squirt, and gave Marshall a letter to deliver to Squirt in which Allen offered Squirt "a thousand dollars and a Cadillac if he didn't show up for court."

Allen admitted writing two letters to Brandon offering him money, but maintained the letters were counteroffers in response to Brandon's attempt to extort an even larger sum of money from Allen. Allen denied giving Marshall a letter for Brandon or telling Marshall he shot Brandon.

Allen maintained he was at an auto auction at I-70 and Valencia Road on the night of the shooting. The auction's general manager, Daniel Carlson, testified that bidding ended around 9:30 p.m., but customers did not leave immediately after the bidding. Further, according to Carlson, it normally would take 15 or 20 minutes to drive from the auction site to the area of Brandon's home.

Allen testified that when he left the auction at 9:50 p.m., he went to James Lewis' home. According to defense witnesses, Allen left the auction sometime between 9:45 and 10:30 p.m., and arrived at Lewis' home between 10 and 11:30 p.m.

A jury found Allen guilty of aggravated battery, an alternative count of attempted first-degree murder, and criminal possession of a firearm.

Following trial, Allen's trial counsel, Kip Elliott, moved to withdraw, citing a conflict of interest. The district court appointed attorney Mark Bennett to represent Allen in further proceedings.

Allen then moved for a new trial alleging Marshall had perjured himself at trial. According to Allen, another inmate, Ian Hudson, came forward after trial and admitted that he and Marshall had looked through Allen's jail cell, read police reports related to Allen's charges, and planned to testify for the State in return for leniency

At sentencing, Allen essentially read his letter to the court into the record and reiterated his allegations regarding Elliott's ineffectiveness. Ultimately, the

district court overruled Allen's objections to his
criminal history score, denied the departure motion,
and imposed a standard presumptive prison sentence of
586 months for the attempted murder conviction, a
concurrent standard sentence of 8 months for the
firearm conviction, and a postrelease supervision
period of 36 months. At the close of the sentencing
hearing, Bennett informed the court Allen intended to
appeal and seek remand for a hearing on his ineffective
assistance of counsel claim.

Allen timely appealed and later filed a pro se motion
entitled "Ineffective Assistance of Counsel Motion for
New Trial." In the motion, Allen asserted essentially
the same allegations of ineffective assistance of trial
counsel that he had previously asserted in his
correspondence to the district court. Additionally, he
asserted Bennett was ineffective for failing to obtain
Marshall's presence for the hearing on the motion for
new trial and for refusing to file a motion for new
trial based on ineffective assistance of counsel. The
district court did not rule on Allen's motion.

*Allen I*, 2010 WL 3636269, at *1-*2.

### Standard of review

This matter is governed by the Antiterrorism and Effective
Death Penalty Act (AEDPA). Under the AEDPA, when a state court has
adjudicated the merits of a claim, a federal court may
grant habeas relief only if the state court decision "was contrary
to, or involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of the United
States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding," *id.* § 2254(d)(2). In this context, an
"unreasonable application of" federal law "must be objectively
unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415,
419 (2014) (quotations omitted).

The court presumes the correctness of the fact-finding by the

state court unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance").

These standards are intended to be "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and require that state court decisions receive the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

A habeas petitioner generally must exhaust available state court remedies before seeking federal habeas relief. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The presentation of a claim "requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). A federal court can excuse exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The procedural default doctrine provides an additional limit to review in habeas corpus cases. A federal habeas corpus may not

review "federal claims that were procedurally defaulted in state court – that is, claims that the state court denied based on an adequate and independent state procedural rule" – unless the prisoner demonstrates either cause for the procedural default and resulting prejudice or that the failure of the federal court to review the claim will result in a fundamental miscarriage of justice. *Davila v. Davis*, 137 S.Ct. 2058, 2064-65 (2017); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Likewise, where a petitioner fails to present a claim in the state courts, and would now be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar which prevents the federal court from addressing the claim. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). As in the case of other procedurally defaulted claims, a petitioner's unexhausted claims barred by anticipatory procedural default cannot be considered in habeas corpus unless he establishes cause and prejudice for his default of state court remedies or a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

To demonstrate cause for the procedural default, petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A petitioner

also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

A procedural default also may be excused if a petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

**Ineffective assistance of counsel**

Claims alleging ineffective assistance are analyzed under the standards established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland*, "a defendant must show both that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense." *United States v. Holloway*, 939 F.3d 1088, 1102 (10th Cir. 2019) (internal quotation marks omitted). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

## Discussion

The petition asserts 43 grounds for relief. After notice to the petitioner, and prior to directing a response, the court dismissed Grounds 4-10, 17-20, and 32 as procedurally defaulted. The court considers the remaining claims in the groups used in the

Answer and Return.

**Grounds 3, 11, 14, and 21**

Respondent contends these four grounds should be dismissed as procedurally defaulted. In Ground 3, petitioner claims the KCOA improperly limited the scope of the *Van Cleave* hearing; in Ground 11, he claims trial counsel provided ineffective assistance by failing to adequately cross-examine the victim's doctor and appellate counsel was ineffective in failing to raise this in the direct appeal; in Ground 14, he contends appellate counsel failed to argue that there was insufficient evidence presented at the preliminary hearing to support the alternative charge of attempted first-degree murder; and in Ground 21, he claims trial counsel was ineffective when he failed to use medical reports to impeach the victim and/or the victim's doctor stating that the victim had "died twice".

Respondent contends the petitioner failed to present these arguments in either his direct appeal or state habeas proceedings, resulting in procedural default.

The court has examined the records and finds no mention of these grounds beyond a similar claim concerning the cross-examination of the victim's treating physician. In its order in petitioner's action under K.S.A. 60-1507, the trial court addressed the claim that trial counsel erred in failing to more thoroughly cross-examine the physician, finding that petitioner failed to present the claim in the *Van Cleave* proceedings, and therefore his counsel had no evidentiary grounds to pursue it on appeal. (Doc. 30, Attach. 24, pp. 75-76).

In *Allen III,* the KCOA agreed that petitioner failed to present

this issue at the *Van Cleave* hearing, and therefore, his appellate counsel "could not have raised them in *Allen II*." *Allen III*, 2017 WL 6062272, *7.

The court agrees these claims are procedurally defaulted and finds no grounds to excuse the default.

**Grounds 35, 36, 37, 38, and 39**

In Grounds 35-39, petitioner asserts claims of ineffective assistance of counsel during the appeal from his state post-conviction action. Respondent points out that petitioner represented himself during that appeal, and a review of the order of the KCOA confirms that. *Allen III*, 408 P.3d 1002, 2017 WL 6062272 (Kan.Ct.App. 2017), *rev. denied,* Aug. 30, 2018.

Likewise, respondent argues that this claim is barred by statute. Under 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

The court agrees that petitioner is not entitled to relief on these claims and dismisses them.

**Grounds 1 and 2**

In Grounds 1 and 2, petitioner claims appellate counsel provided ineffective assistance by failing to present all trial errors after the *Van Cleave* hearing on direct appeal. The trial court rejected this claim, and the KCOA agreed. The trial court found that petitioner had represented himself during the *Van Cleave* hearing and had failed to create a record for appeal. The KCOA stated:

Allen next sets forth several issues relating to Wells' failure to raise certain arguments, following the *Van Cleave* proceedings, relating to trial counsel's ineffectiveness. Because Allen proceeded pro se at the evidentiary hearing, the relevant question is whether he provided a sufficient evidentiary basis for Wells to proceed on these claims. Allen presented some, but not all, of these issues during the *Van Cleave* hearing. Allen cannot expect Wells to raise issues on this appeal that were not preserved by Allen at his *Van Cleave* hearing.

*Allen III*, 2017 WL 6062272, *6.

Likewise, the KCOA found that six of petitioner's claims were barred from consideration in his action under K.S.A. 60-1507 because he had presented them in the *Van Cleave* hearing[1]. It stated, "When a criminal defendant's claims regarding ineffective assistance of counsel have been previously adjudicated through a *Van Cleave* evidentiary hearing, that defendant "is procedurally barred from relitigating the effectiveness of trial counsel in a 1507 motion, absent exceptional circumstances." *Allen III*, *id*. at *7 (quoting *Rice v. State*, 154 P.3d 537, 544 (Kan. Ct. App. 2007)).

Finally, the KCOA noted that the trial judge authored a detailed memorandum decision in which he found that petitioner had failed to establish an evidentiary basis for his claims during the *Van Cleave* hearing and had failed to show that its prior rulings were erroneous. *Id*. Accordingly, because petitioner had not produced evidentiary support for his claims in the district court, his

---

[1] The six claims are: (1) the failure to cross-examine Officer Jepson about the video showing a white Cadillac; (2) the failure to show the jury an unredacted interrogation video of petitioner's interview by Detective Willard; (3) the failure to cross-examine Ed Brock on certain issues; (4) the failure to present testimony of Lester McDonald, Corey Lewis, and Pam Hazlett; (5) the decision to admit a family photo showing petitioner and his relatives; and (6) the failure to file a motion to suppress State's Ex. 31. *Allen III*, 2017 WL 6062272, at *7.

appellate counsel did not err in failing to pursue them on appeal in *Allen II*.

The court agrees that petitioner is not entitled to relief on Grounds 1 and 2. Petitioner failed to establish evidentiary support for some of the claims, and his counsel did not provide ineffective assistance by failing to pursue those claims on appeal. Likewise, under state case law, petitioner was procedurally barred from presenting claims in his action under K.S.A. 60-1507 that he litigated in the *Van Cleave* proceedings.

**Ground 29**

Petitioner argues that his counsel provided ineffective assistance of counsel when he failed to hire a trajectory expert. However, both the state district court and the KCOA determined that petitioner failed to present this issue at the *Van Cleave* hearing. *Allen III,* 2017 WL 6062272, at *7. As a result, he was barred from presenting the claim for the first time in his action under K.S.A. 60-1507.

This claim now is barred by procedural default, and, because petitioner has not established cause and prejudice or that the failure to consider it will cause a fundamental miscarriage of justice, the court will not consider the claim. In any event, as respondent states, petitioner's defense theory at trial was that he was not the perpetrator and was elsewhere when the shooting occurred. In that context, the presence of a trajectory expert would have offered no support to the defense.

**Grounds 12 and 30**

In these claims, petitioner asserts that his trial and appellate counsel were ineffective and that both the trial court and the KCOA erred in not requiring a jury instruction on the alibi defense.

The Kansas courts considered the alibi question on its merits and found that Kansas law does not require, or recommend, a separate jury instruction for alibi. As explained by the KCOA, "[A] separate instruction on the defense of alibi is not required where adequate and proper instructions are given on the elements of the crime charged and on the prosecution's burden to prove guilt beyond a reasonable doubt." *Allen III*, 2017 WL 6062272, at *5 (citations omitted). The KCOA stated that petitioner did not allege error in the instructions given on the crimes charged or on the burden of proof, and it found no error in the failure to challenge the lack of an alibi instruction.

This claim does not warrant relief. Based upon Kansas law as described by the state courts, there was no error in failing to request an alibi instruction or to challenge that failure as ineffective assistance of counsel. *See Bilderback v. Abbott*, 107 Fed. Appx. 852, 855 (10th Cir. 2004)(unpublished opinion)(it "cannot be ineffective assistance of counsel to fail to request [a jury instruction] that was not available" under state law).

**Grounds 13, 34, 40, and 41**

In these grounds, petitioner raises challenges to the

admission of allegedly perjured testimony. The specific claims presented are:

> Ground 13: the prosecution elicited perjured testimony from the victim during its case in chief and during rebuttal;
> Ground 34: petitioner's trial counsel was ineffective when he failed to object to the prosecution eliciting perjured testimony from witness Russell Marshall;
> Ground 40: petitioner's appellate counsel failed to raise on appeal an instance of prosecutorial misconduct arising from comment by the prosecutor that the victim's father is a quadriplegic; and
> Ground 41: trial defense counsel failed to adequately cross-examine the victim concerning his testimony that he "died twice".

Respondent states that the record shows three instances in which petitioner presented claims of perjury in the state court proceedings. Before the *Van Cleave* hearing, petitioner filed a motion for new trial alleging ineffective assistance of counsel. In that motion, he alleged that his trial counsel failed to object to the prosecutor's comment that the victim's father is a paraplegic. He also asserted that Russell Marshall lied in his testimony concerning being in the Shawnee County Jail with petitioner and how he obtained petitioner's letter to the victim.

In petitioner's state petition filed in August 2015, he claimed State's Exhibit 31, a letter from petitioner to the victim, should have been suppressed because Mr. Marshall lied about how he obtained it.

Petitioner called Ian Hudson at the *Van Cleave* hearing to testify that he and Mr. Marshall looked through petitioner's legal papers while petitioner was placed outside the Shawnee County Jail.

The trial court ruled that Mr. Hudson's testimony was not credible. It noted that information that the gun jammed during petitioner's assault on the victim was not in a police report and first came out in the preliminary hearing. Because the transcript of that hearing had not been prepared prior to Mr. Marshall's release from custody, the trial court concluded that Mr. Marshall could have learned of that only by hearing it from petitioner. The trial court determined that petitioner was not prejudiced because it was undisputed that he wrote the letter that was identified as Ex. 31.

The trial court also ruled that petitioner's allegation of perjury concerning the reference to the victim's father as a paraplegic was conclusory and did not entitle petitioner to relief.

The petitioner filed a motion to reconsider from these rulings and the trial court then addressed the arguments of perjury and prosecutorial misconduct in a second order. In that order, the trial court found first, that petitioner had withdrawn the issue of prosecutorial misconduct when he advised his counsel that he wished to proceed only on issues of ineffective assistance of counsel and second, that petitioner did not produce evidence at the *Van Cleave* hearing to show the prosecution knowingly offered perjured testimony.

Finally, the trial court ruled that petitioner's claims of perjured testimony were conclusory and that petitioner failed to show how the prosecution's actions had violated due process. Citing state law, the trial court held that in order to prevail on a claim

of prosecutorial misconduct, he had to show that the prosecution knowingly elicited false testimony.

In petitioner's direct appeal, *Allen II*, the KCOA rejected petitioner's claim that Mr. Marshall did not learn of the gun jamming from him. The KCOA noted that material produced on remand showed that petitioner and Mr. Marshall were housed in the same jail module for approximately one month, and that a jail official testified that inmates could visit with others housed in the same module. The KCOA also rejected petitioner's claim concerning the letter Mr. Marshall testified he received from him. It noted that petitioner did not deny writing the letter, and it found that jail records were consistent with the timeframe identified by Mr. Marshall concerning when he received the letter. Based on these findings, the KCOA found no evidence to support the claim that counsel was ineffective in failing to somehow impeach Mr. Marshall's testimony. *Allen II*, 2014 WL 6775823, at *6.

And, in *Allen III*, the KCOA agreed that the petitioner had not shown that counsel was ineffective for failing to argue that the prosecutor committed misconduct by presenting perjured testimony because the petitioner failed to advance any evidence that the prosecution knowingly elicited perjured testimony. *Allen III*, 2017 WL 6062272, at *6 ("Allen provides no support for his conclusory argument that the prosecutor knowingly introduced perjured testimony at trial. As a result, [counsel]'s failure to make this argument on appeal was not ineffective.").

Because the Kansas courts considered and denied these claims, this court will review to determine whether those decisions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1),(2). Having examined the record, the court finds the decisions concerning claims of ineffective assistance and prosecutorial misconduct withstand habeas review.

The remaining claim, that counsel failed to appropriately cross-examine the victim for his testimony that he "died twice", is not addressed in detail in the Answer and Return. Like respondent, the court has not identified any reference in the record to suggest that petitioner preserved this claim for review. Petitioner has not explained the significance of this point, nor has he advanced any ground to excuse his procedural default or to show that the exception for manifest injustice requires review of this claim.

Petitioner is not entitled to relief on these claims.

**Ground 15.**

In this claim, petitioner challenges rulings that his convictions for attempted murder and aggravated battery were not multiplicitous and that there was sufficient evidence to support a conviction.

In his state post-conviction action, petitioner claimed the evidence was insufficient to convict him of attempted murder in the first degree because the prosecution failed to show that he intended to kill the victim. The trial court rejected that argument, stating

petitioner had failed to set out any factual basis that would undermine the jury's determination that he acted with intent to kill the victim. The trial court found that appellate counsel was not ineffective in failing to pursue this issue.

The trial court also addressed the claim of multiplicity. The trial described this claim as alleging another trial error that should have been presented on appeal but determined that consideration was appropriate. The trial court cited state case law to explain the distinction between first degree murder and aggravated battery:

> A basic examination of the statutory definitions for first-degree murder and aggravated battery reveals a distinction between the two. First-degree murder involves killing and aggravated battery involves bodily harm. *See* K.S.A. 21-3401; K.S.A. 21-3414. Each crime is defined by the harm caused rather than the act performed. Because of this distinction, first-degree murder and aggravated battery are not the same crime. The definition for attempt relies on the definition of the underlying but uncompleted crime and requires a specific intent to commit the underlying crime. K.S.A. 2006 Supp. 21-3301. The attempt statute, however, does not alter the basic definition for the underlying crime. Thus, attempted first-degree murder is not converted into the same crime as aggravated battery merely by adding the attempt elements to the first-degree murder elements. Accordingly, aggravated battery does not qualify as a lesser-included crime of attempted first-degree murder under K.S.A. 2006 Supp. 21-3107(2)(a).
>
> Doc. 30, Attach. 24, p. 67, Memorandum Decision and Order, quoting *State v. Gaither*, 156 P.3d 602, 616 (Kan. 2007).

The trial court then stated that the jury verdict showed petitioner was convicted of aggravated battery, attempted murder in the first degree and criminal possession of a firearm. Because the convictions of both aggravated battery and the alternative count of attempted murder in the first degree are prohibited under state case law, the trial court clarified that the jury's verdict on the

aggravated battery charge was vacated prior to sentencing, based upon the conviction for attempted murder in the first degree. The trial court cited state case law providing that "where convictions are multiplicitous the defendant should be sentenced only on the more severe one." Doc. 30, Attach. 24 at p. 68, citing *State v. Winters*, 72 P.3d 564 (Kan. 2003). Thus, petitioner's conviction of aggravated battery was vacated and he was not sentenced on that crime, and appellate counsel's failure to challenge the convictions as multiplicitous was not prejudicial.

On appeal, the KCOA addressed the sufficiency of the evidence supporting petitioner's conviction for attempted first-degree murder. It found that petitioner had failed to advance any persuasive argument and concluded that he was not entitled to relief. It also concluded that appellate counsel's failure to pursue this claim was not deficient representation. *Allen III*, 2017 WL 6062272, at *5.

Petitioner has not shown that these rulings are contrary to federal law. The evidentiary standard in habeas corpus requires the court to consider the evidence in the light most favorable to the prosecution and to examine whether any rational factfinder could have found guilt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence of attempted murder here satisfies that standard. Not only did the jury hear testimony from the victim concerning the shooting, the treating surgeon testified that the victim suffered a chest wound and that the bullet was lodged in the vertebral bone of the spine. The victim was comatose for weeks, and it was three

to four weeks before his surgeon believed he was no longer in a life-threatening state. *Allen III*, 2017 WL 6062272 at *5.

Likewise, the state court carefully explained the governing case law, and clarified that petitioner's conviction for aggravated battery was vacated. Petitioner is not subject to multiplicitous convictions.

As these claims do not entitle petitioner to relief, it was not ineffective assistance of appellate counsel to fail to pursue them.

**Ground 16.**

Petitioner next alleges the state courts erred in finding that his trial and appellate counsel were ineffective in failing to seek instructions on a lesser degree of aggravated battery[2].

The trial court rejected this argument in petitioner's action under K.S.A. 60-1507, finding that petitioner had failed to present any factual ground that would undermine the jury's finding that he acted with intent to kill. The trial court cited Kansas case law stating:

> "If there is evidence that the harm was slight, trivial, moderate, or minor, then the trial court must give a lesser included instruction. Thus, a trial court could determine that a bullet wound, even one that missed bone, major arteries, veins, and nerves, is not slight, trivial, moderate, or minor and will not support a lesser included instruction for battery….

---

[2] Petitioner was convicted of a severity 4 level aggravated battery, which requires a determination of "intentionally causing great bodily harm to another person." K.S.A. 21-3414(a)(1)(A). Petitioner alleged the jury should have been instructed on a severity level 7 aggravated battery, which requires a showing of "intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." K.S.A. 21-3414(a)(1)(B).

The trial court must view the evidence of the harm caused
to determine if it would support a finding of mere bodily
harm."

Doc. 30, Attach. 24 at pp. 64-65, (quoting *State v. Brice*, 80 P.3d
1113 (2003)).

Because petitioner offered nothing to challenge the jury
verdict on his intent in shooting the victim, the trial court
declined to reconsider the jury's verdict on the evidence and
concluded that appellate counsel did not provide ineffective
assistance in failing to challenge the instruction.

The KCOA agreed that petitioner's allegations lacked an
evidentiary basis. It cited the testimony of the victim's surgeon
describing the gravity of the injury inflicted and concluded that
an instruction on a severity level 7 aggravated battery was not
warranted. *Allen III,* 2017 WL 6062272 at *5-6.

Petitioner is not entitled to relief on this claim. While it
is clear that the evidence did not warrant the instruction sought
by petitioner, the primary basis for this court's ruling is that
"[t]he Supreme Court has never recognized a federal constitutional
right to a lesser included offense instruction in noncapital
cases." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004)
(citing *Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980)); *see
also Fero v. Kerby*, 39 F.3d 1462, 1480 (10th Cir. 1994) ("a state
court's failure to submit a lesser included offense instruction
cannot form the basis for federal habeas relief") (citing *Lujan v.*

*Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993)); *Dewberry v. Patton*, 672 F. App'x 821, 823 (10th Cir. 2016).

**Grounds 22 and 23**

In these grounds, petitioner alleges trial counsel was ineffective in failing to call either Pam Hazlett or Corey Lewis as a witness.

The trial court considered these claims in the *Van Cleave* proceedings, finding that these persons had not been called to testify at the evidentiary hearing, and therefore, there was no evidence they could have provided helpful testimony at trial. No reference to these witnesses appears in the direct appeal briefs or in the direct appeal opinion, *Allen II*. Petitioner presented the argument in his action under K.S.A. 60-1507, and the trial court dismissed them as successive. Doc. 30, Attach. 24 at 15cv746, MOD at pp. 76-77.

In *Allen III*, the KCOA rejected the claims as procedurally barred, explaining that "[w]hen a criminal defendant's claims regarding ineffective assistance of counsel have been previously adjudicated through a *Van Cleave* evidentiary hearing, that defendant 'is procedurally barred from relitigating the effectiveness of trial counsel in a 1507 motion, absent exceptional circumstances.'" *Allen III*, 2017 WL 6062272, at *7.

Accordingly, petitioner's claim regarding the failure to call these witnesses is procedurally barred and is barred from review in habeas corpus. Petitioner has not shown any extraordinary

circumstances to excuse his procedural default.

**Grounds 24 and 25**

In these grounds, petitioner alleges his trial counsel was ineffective in failing to properly litigate the disappearance of a video showing a white Cadillac observed near the crime scene and in failing to adequately cross-examine Officer Jepson about that video.

During the trial, Officer Jepson, an officer with the Topeka Police Department, testified that as he responded to the crime scene, he saw a white Cadillac. Before the trial, it was discovered that there was no in-car video from Officer Jepson's patrol car. Officer Jepson testified that photographs of petitioner's car introduced at trial did not show the car he saw on the way to the crime scene. He testified that it was possible that his car video system was not operating on the night in question.

Trial counsel testified at the *Van Cleave* hearing that he did not recall the video being produced during discovery.

Following the *Van Cleave* hearing, the trial court concluded that the video would have been cumulative to Officer Jepson's testimony and that the lack of the video was not critical to petitioner's defense case. The trial court found that petitioner failed to offer evidence showing either that the video would have aided his defense or that it was improperly destroyed.

Petitioner also raised this claim in his action filed under K.S.A. 60-1507. The trial court found that he had not established

prejudice arising from the lack of the video and that petitioner had not shown any evidence that the video was destroyed in bad faith or would have had any impact on the jury's verdict. On appeal, the KCOA agreed that the lack of the video was not of great importance, as Officer Jepson's testimony was before the jury. It concluded that the decision of appellate counsel not to pursue any claim concerning the absence or disappearance of the video was reasonable. *Allen III*, 2017 WL 6062272, at *6.

A State violates a defendant's due process rights when it destroys or fails to produce evidence that is of apparent exculpatory value. *California v. Trombetta*, 467 U.S. 479, 489 (1984). Where evidence is only potentially exculpatory, a defendant must show that it was destroyed in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)("[U]nless a criminal defendant can show bad faith … failure to preserve potentially useful evidence does not constitute a denial of due process of law.").

In this case, it is unclear whether the video ever existed, and Officer Jepson's testimony concerning the car he saw as he approached the crime scene did not incriminate petitioner. The video only would have been cumulative, and petitioner did not present evidence that it ever existed or, if it did, that it was destroyed in bad faith. This court finds no viable argument is offered concerning a failure to properly cross-examine Officer Jepson and concludes petitioner has not shown grounds for habeas corpus relief.

**Ground 26**

Petitioner claims his counsel was ineffective for failing to introduce the unredacted version of his interrogation by law enforcement. During the *Van Cleave* hearing, petitioner argued that trial counsel was ineffective for not showing him the interrogation video during his detention at the Shawnee County Jail. Trial counsel testified that he had shown petitioner the video, and the trial court found counsel credible. Petitioner did not present the claim on appeal.

In his action under K.S.A. 60-1507, petitioner argued that trial counsel was ineffective by failing to show the jury the unredacted interrogation video. The trial court found that the issue had been presented, and rejected, in the *Van Cleave* hearing and that petitioner did not offer anything new to support it. The trial court concluded that petitioner's argument that appellate counsel was ineffective for failing to pursue this claim lacked merit. Doc. 30, Attach. 24 at pp. 74-75.

The direct appeal following the *Van Cleave* proceedings contains analysis concerning the testimony offered at the trial that was used to show the time of the shooting, but there is no mention of the interrogation video. *Allen II*, 2014 WL 6775823, at *5.

On petitioner's appeal from the denial of his 1507 action, the KCOA found that he was barred from presenting this claim in a 1507 action after litigating it in *Van Cleave* proceedings. It stated that petitioner failed to present any different argument than he

had in the *Van Cleave* proceedings and had shown no error. *Allen III*, 2017 WL 6062272, at *7.

This court finds this claim is procedurally barred from habeas review. Petitioner failed to present it in the direct appeal despite raising it in the *Van Cleave* proceedings, and under state precedent, he is not allowed to relitigate the claim in a 1507 action absent a showing of exceptional circumstances. Petitioner has not made that showing, and this court therefore cannot reach it in federal habeas corpus.

**Grounds 27 and 31.**

In these claims, petitioner argues that trial counsel was ineffective in failing to introduce the prior criminal history information of either witness Russell Marshall or the victim Wayne Brandon to impeach their credibility.

In his 1507 action, petitioner argued that trial counsel erred in failing to impeach the victim, Wayne Brandon, by presenting his criminal history, which he alleged involved prior drug crimes. The trial court found that, even assuming that information was admissible, petitioner had failed to make any clear argument about how that would impact the jury's decision on whether petitioner shot Mr. Brandon. It concluded petitioner had failed to show how that failure had resulted in prejudice; it also noted that petitioner had already litigated the effectiveness of counsel and had failed to establish an evidentiary record. Therefore, it

reasoned that the failure of appellate counsel was not ineffective assistance. Doc. 30, Attach. 24  at pp. 77-78.

On appeal, the KCOA found petitioner did not present this claim during the *Van Cleave* proceedings, so his appellate counsel could not have challenged the failure on appeal. *Allen III*, 2017 WL 6062272, at *7.

Petitioner's challenge concerning impeachment material regarding witness Russell Marshall was presented in the *Van Cleave* hearing as an ineffective assistance claim. The KCOA rejected the claim, stating that it found no "probative evidence of impeachment material". *Allen II*, 2014 WL 6775823, at *6.

This court finds no error in these findings. As the state courts concluded, petitioner failed to advance any specific, admissible evidence that reasonably suggests counsel failed to provide adequate representation.

**Ground 28**

Petitioner argues that trial counsel erred in introducing a photograph of him with his family. Petitioner challenged this in the *Van Cleave* proceedings, and the trial court found that counsel did not provide ineffective assistance in submitting the photograph. Petitioner did not present the argument on appeal. However, he presented it again in his 1507 action. The trial court found that petitioner had presented the claim in the *Van Cleave* hearing and that it had been rejected; it also found he had failed

to establish any ineffective assistance of appellate counsel arising from the admission of the photograph.

The KCOA found the petitioner was procedurally barred from presenting this claim after litigating it in the *Van Cleave* hearings and found that he had failed to offer any evidence or argument why the rulings in that proceeding were in error. *Allen III*, 2017 WL 6062272, at *7.

This claim is procedurally barred under state law, and petitioner has not advanced any exceptional circumstances. The petitioner therefore is not entitled to additional consideration in federal habeas corpus.

**Ground 33**

Petitioner argues that trial counsel provided ineffective assistance by failing to move to suppress the letter provided to law enforcement by Russell Marshall showing petitioner's attempts to offer the victim money and personal property to avoid the criminal proceedings. During the *Van Cleave* proceedings, petitioner made a general argument about the failure to file a suppression motion. The trial court dismissed the claim as conclusory and without evidentiary support.

In his 1507 action, petitioner argued that trial counsel erred in failing to move to suppress a letter written by him. The trial court held that this issue was presented in the *Van Cleave* hearing, and the petitioner had failed to establish how he was prejudiced by the failure. Petitioner argued that Russell Marshall could not have

obtained the letter as he testified because he was not housed in the same area of the Shawnee County Jail as petitioner during July 2006. The trial court pointed out that it had considered and rejected this argument when it was argued in the *Van Cleave* hearing. It cited its February 2013 memorandum order, which stated, in part, "…it is irrelevant when the letter came to be in Marshall's possession….it is uncontroverted that Allen wrote the letter and that the letter, at some point, entered Marshall's possession. Thus, regardless of how or when it was received, the letter was properly admitted as an admission, a declaration against interest, or a confession under subsections (f), (g), or (j) of K.S.A. 60-460."

In the 1507 case, the trial court stated that petitioner had presented nothing new to challenge that conclusion. Petitioner had failed to show prejudice from trial counsel's failure to seek suppression of the letter, and appellate counsel did not err by failing to present the claim on appeal. Doc. 30, Attach. 24 at pp. 72-73.

The KCOA likewise found no error. Because the claim was presented in the *Van Cleave* hearing, petitioner was procedurally barred from relitigating it, and his failure to establish evidentiary support for the claim meant that his appellate counsel's failure to pursue it was not error. *Allen III*, 2017 WL 6062272, at *7.

The court finds this claim is procedurally barred. Petitioner presented the claim in his *Van Cleave* hearing, and while petitioner

challenged a failure to properly cross-examine witness Russell Marshall on appeal in *Allen II*, he did not allege error in the failure to move for suppression of the letter that Mr. Marshall provided to law enforcement. That claim was not raised until his 1507 action, and the state courts properly noted that petitioner had not provided any evidentiary support for the claim, and that it lacked merit. *Allen III*, 2017 WL 6062272, at *7.

This court agrees that the claim concerning the failure to suppress the letter lacks merit, that it was procedurally defaulted, and that petitioner has not established any viable ground for relief in habeas corpus.

**Ground 42**

In this claim, petitioner argues there was insufficient evidence to support his conviction. His allegations in support challenge the victim's statement that he "died twice" as perjury, allege that Russell Marshall committed perjury by testifying that he and petitioner were in jail together in 1991 or 1992, claim that the prosecution improperly impeached petitioner's alibi witness Patricia Sanders concerning her criminal history, and alleges that the prosecutor, defense counsel, and defendant Troy Willard lied and conspired throughout petitioner's trial.

Respondent argues that this collection of claims is unexhausted and thus procedurally barred on habeas corpus. The court has examined the record and agrees that these claims are either barred by petitioner's failure to present them or defeated by his

failure to properly support them. In *Allen III*, the KCOA noted petitioner's argument that his appellate counsel erred in failing to challenge trial counsel's failure to file a pretrial motion to prevent the State from introducing Ms. Sanders' criminal history. It found that he had failed to present this claim, among others, during the *Van Cleave* proceedings, and that therefore, appellate counsel could not have argued it on appeal. *Allen III*, 2017 WL 6062272, at *7.

This court finds no reason to disturb petitioner's conviction on the ground of insufficient evidence. As stated elsewhere, the habeas standard for evidentiary sufficiency requires a court to determine that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 327 (1979). Petitioner's claim on these combined points appears to be largely defaulted and entirely unsupported. He cannot prevail under the standard in *Jackson v. Virginia*, and he is not entitled to relief.

**Ground 43**

Finally, petitioner seeks relief on the ground of cumulative error. Petitioner sought relief on this ground in the *Van Cleave* proceedings, alleging that his trial counsel's errors, taken cumulatively, denied him a fair trial. On appeal, the KCOA rejected his argument and stated that even if trial counsel made some errors, petitioner had failed to show that there was a reasonable probability of a different outcome absent those errors. The KCOA

noted the victim's testimony generally was supported by the evidence presented by the prosecution, that petitioner's alibi was undercut by evidence that the auto auction ended in time for him to reach the crime scene, and that there was "fairly extensive evidence of Allen's efforts to avoid capture after the shooting." *Allen II*, 2014 WL 6775823, at *7.

"A cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Smith v. Duckworth*, 824 F.3d 1233, 1255 (10th Cir. 2016) (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003)). Here, the court has found no error in the claims presented by petitioner, and therefore, petitioner is not entitled to relief on a theory of cumulative error. *See United States v. Franklin-El*, 555 F.3d 1115, 1128 (10th Cir. 2009)("The cumulative-error analysis applies when there are two or more actual errors. It does not apply, however, to the cumulative effect of non-errors.")

### Conclusion

For the reasons set forth, the court concludes petitioner is not entitled to habeas corpus relief. Because the court enters a ruling adverse to the petitioner, it must consider whether to issue a certificate of appealability.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

The court finds petitioner has made no substantial showing that his constitutional rights were violated during the criminal proceedings and therefore, no certificate of appealability will issue.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

IT IS FURTHER ORDERED no certificate of appealability will issue

**IT IS SO ORDERED.**

DATED:  This 25th day of January, 2022, at Topeka, Kansas.


                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge